**Shawn K. Brownn**
**State Bar No. 03170490**
**WRIGHT GINSBERG BRUSILOW P.C.**
**1401 Elm Street, Suite 4750**
**Dallas TX 75202**
**Phone:  (214) 651-6508**
**Fax:     (214) 744-2615**
**email: sbrown@wgblawfirm.com**

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-70033-HDH-7 |
| ROBERT WILLIAM RAYNES JR. | § | |
| BETTY SUE RAYNES | § | |
| | § | CHAPTER 7 |
| DEBTORS | § | |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE DEBTORS FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
(OTHER THAN UNPAID AD VALOREM TAX LIENS)**

TO THE HONORABLE HARLIN D. HALE, U. S. BANKRUPTCY JUDGE:

COMES NOW, Shawn K. Brown, Chapter 7 Trustee ("Trustee") in the above-styled and numbered cause, and pursuant to 11 U.S.C. § 363, files this his Motion to Sell Real Property of the Debtors Free and Clear of all Liens, Claims and Encumbrances (Other Than Unpaid Ad Valorem Tax Liens), and would respectfully show the Court as follows:

**A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING - U.S. COURTHOUSE, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS WITHIN TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE TO (1) THE DEBTOR AND DEBTOR'S ATTORNEY; (2) THE**

**OFFICE OF THE U.S. TRUSTEE; (3) ANY TRUSTEE AND THE TRUSTEE'S ATTORNEY; (4) THE MEMBERS OF ANY OFFICIAL COMMITTEE, OR THE ATTORNEY FOR ANY OFFICIAL COMMITTEE IF AN ATTORNEY HAS BEEN EMPLOYED; OR IF THERE IS NO COMMITTEE, THE TWENTY (20) LARGEST UNSECURED CREDITORS; (5) ANY PARTY REQUESTING NOTICE; (6) ANY PARTY NAMED ON A COURT-APPROVED ALTERNATIVE SERVICE LIST; (7) THE RESPONDING PARTIES; AND (8) ANY OTHER AFFECTED ENTITY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 157. This Motion is a matter concerning the administration of the Estate, in particular regarding the sale of property, and is therefore, a core matter pursuant to 28 U.S.C. §157(b)(2).

2.      On or about January 30, 2009, the Debtors filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code. Shawn K. Brown was appointed chapter 7 trustee. The Trustee filed his no asset report and the case was closed on June 9, 2009.

3.      The Debtors filed a motion to reopen the case on August 13, 2009. An order was entered on September 1, 2009, and the case was reopened. By order entered on September 22, 2009, Shawn K. Brown was reappointed as chapter 7 trustee.

4.      One of the assets listed by the Debtors was approximately 126.690 acres of farm land in Haskell County, Texas, described more fully in the Contract below (the "Property"). The Trustee has received an offer for the purchase of the Property from Samuel O. Henshaw and/or assigns for a purchase price of $74,747.10 (the "Contract"), attached hereto as an exhibit. The sale pursuant to the Contract shall be "as is" without representation or warranty.

5. Property taxes are current through 2008. Ad valorem taxes for 2009 shall be paid at closing. The 2010 ad valorem taxes will be prorated and the ad valorem tax liens shall remain attached to the Property to secure payment of the Purchaser's pro rata portion of the 2010 taxes.

6. The Trustee requests that the Court authorize him to sell the Property free and clear of all liens, claims, and encumbrances (other than liens for prorated 2010 ad valorem taxes) pursuant to section 363(f) of the Bankruptcy Code to the buyer with the highest and best offer that can close within a reasonable time after approval by this Court. The Trustee seeks approval of the Contract. The Contract is the highest and best offer to date. The Contract is subject to any higher and better written overbids received within twenty-four (24) days of service of this Motion and approval by the Court. The Trustee seeks authority to pay the real estate commission, closing costs, and unpaid ad valorem taxes at closing. All remaining liens, claims, and encumbrances (other than liens for prorated 2010 ad valorem taxes) will attach to the net sale proceeds. The Property shall be sold "as is", without representations or warranties. The Trustee requests that the Court waive the ten day stay requirement according to F.R.B.P. 6004(g).

7. The Trustee gives notice that any party seeking to submit an overbid for the Property should file a response to this Motion, together with a fully executed contract containing such bid, and serve such response on the Trustee within twenty-four (24) days of service of this Motion. The Trustee may avoid a sale under §363(n) of the Bankruptcy Code if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the

preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against such party that entered into such agreement in willful disregard of this subsection.

WHEREFORE, the Trustee requests this Court authorize him to sell the Property to Samuel O. Henshaw and/or assigns or any other Court approved overbid, free and clear of all liens, claims and encumbrances (other than liens for prorated 2010 ad valorem taxes), with unpaid liens to attach to the net proceeds of sale, authorize the payment of the real estate commission, ordinary closing costs, and unpaid ad valorem taxes at closing, waive the ten day stay requirement according to F.R.B.P. 6004(h) and for such other and further relief to which the Trustee and the estate can show themselves justly entitled at law or in equity.

Respectfully submitted,

WRIGHT GINSBERG BRUSILOW P.C.

*/s/ Shawn K. Brown*
State Bar No. 01370490

1401 Elm Street, Suite 4750Dallas TX 75202
Phone:  (214) 651-6508
Fax:     (214) 744-2615
sbrown@wgblawfirm.com

ATTORNEYS FOR THE CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served upon the United States Trustee, Debtor's counsel, the proposed buyer, upon all parties on the official mailing matrix and upon those parties requesting notice, by electronic service or by U.S. first-class mail, postage prepaid, as applicable, on the 18th day of December, 2009.

*/s/ Shawn K. Brown*

**MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS - PAGE  4 of 4**